**DAVIS v. UNITED STATES.**

Civ. No. 360.

United States District Court
Cedar Rapids Division.

N. D. Iowa, Cedar Rapids Division.

Jan. 22, 1951.

Geo. C. Lawrence, Anamosa, Iowa, for plaintiff.

Tobias E. Diamond, U. S. Atty., William B. Danforth, Asst. U. S. Atty., Sioux City, Iowa, John A. Rees, Sp. Asst. to Atty Gen., for defendant.

GRAVEN, District Judge.

On the 15th day of January, 1951, the above-entitled case came on for trial before the Court at the Federal Court House at Waterloo, Iowa. On January 15th, 1951, the parties presented their evidence, arguments of counsel were made, the case submitted to the Court and by it taken under advisement. Now, to-wit, on this 22d day of January, 1951, the Court, being fully advised in the premises, makes and enters the following Findings of Fact and Conclusions of Law.

Findings of Fact

1. This is an action for the recovery of federal income taxes claimed to have been illegally and erroneously collected from the plaintiff for the years 1946 and 1947 by E. H. Birmingham, Collector of Internal Revenue.

2. The plaintiff has been, and is, a resident of Greenfield Township, Jones County, Iowa. For more than 20 years last past he has owned and operated a farm of 200 acres in said township. His occupation preceding and during the years of 1946 and 1947 was that of a farmer and livestock raiser.

3. On January 14th, 1947, the plaintiff filed with the Collector of Internal Revenue, at Des Moines, Iowa, his individual income tax return for the year of 1946. On or about January 15th, 1948, the plaintiff filed with the same Collector his individual income tax return for the year of 1947. Both of said returns were on a cash basis with farm expenses charged against income.

4. Preceding and during the years of 1946 and 1947 the principal income of the plaintiff was derived from the sale of cattle and hogs. It was the practice of the plaintiff during the years of 1946 and 1947 to breed the sows in his breeding herd when they were about nine months old. They would normally produce pigs around sixteen

weeks after breeding. It was the practice of the plaintiff during those years to allow the pigs to run with the sows for about two months after birth and then sell such sows as packers. Sows selling as packers usually sell for about $2.00 less per hundred then prime hogs, but they usually weigh considerably more than prime hogs.

5. During the year of 1946 the plaintiff sold 34 sows for the net sale price of $2,051.83. At the time of sale the said sows were apparently 1½ years old. The said 34 sows were used and handled as, and for, breeding sows in accordance with the practice of the plaintiff heretofore described. The plaintiff in his income tax return for 1946 treated the said sows as constituting capital assets within the provisions of Section 117(j) of the Internal Revenue Code, 26 U.S.C.A. § 117(j). The Collector of Internal Revenue for the District of Iowa claimed that the said breeding sows did not constitute capital assets within the provisions of said Section. In response to said claim, the plaintiff paid to the said Collector additional income tax for the year of 1946 in the sum of $175.00, together with penalty thereon in the sum of $8.75. The plaintiff made due, timely and proper claim for refund for the sum of $175.00 and $8.75, or $183.75, which claim was disallowed on May 12th, 1950.

6. During the year 1947 the plaintiff sold 40 sows for the net sale price of $3,522.04. At the time of the sale the said sows were approximately 1½ years old. The said 40 sows were used and handled as, and for, breeding sows in accordance with the practice of the plaintiff heretofore described. The plaintiff in his income tax return for 1947 treated the said sows as capital assets within the provisions of Section 117(j). The Collector of Internal Revenue for the District of Iowa claimed that the said sows did not constitute capital assets within the provisions of said Section. In response to said claim, the plaintiff paid to said Collector additional tax for the year 1947 in the sum of $444.19, together with penalty thereon in the sum of $22.21. The plaintiff made due, timely and proper claim for refund for the said sum of $444.19, plus $22.21, or $466.40, which claim was disallowed on May 12th, 1950.

7. The said 34 sows, the sale of which was reported by the plaintiff in his 1946 income tax return, did constitute capital assets within the provisions of Section 117(j) of the Internal Revenue Code.

8. The said 40 sows, the sale of which was reported by the plaintiff in his 1947 income tax return, did constitute capital assets within the provisions of Section 117(j) of the Internal Revenue Code.

#### Conclusions of Law

1. That this Court has jurisdiction of the subject matter of this action and the parties thereto under the provisions of Section 1346 of the Revised Judicial Code, 28 U.S.C.A. § 1346.

2. That the said sum of $175.00 of additional tax, the penalty in the sum of $8.75, and interest in the sum of $23.84, or a total sum of $207.59, was illegally and erroneously collected from the plaintiff.

3. That the said sum of $444.19 additional tax, the penalty in the sum of $22.21, and interest in the sum of 34.99, or a total sum of $501.39, was illegally and erroneously collected from the plaintiff.